IN THE UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF GEORGIA
ATLANTA

| | |
|---|---|
| DELLI DORNE, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| LHC GROUP, INC., d/b/a GEORGIA | ) |
| HOMECARE OF HARRIS, LLC, | ) |
| | ) |
| Defendant. | ) |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Delli Dorne ("Plaintiff" or "Dorne"), by and through undersigned counsel, and files this Complaint for Damages against Defendant LHC Group, Inc. d/b/a Georgia Homecare of Harris, LLC ("Defendant" or "LHC Group"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964; Section 1981 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981" ).

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff Delli Dorne is an African American female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant LHC Group is a foreign profit company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Cogency Global Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Fulton County, GA 30076.

## ADMINISTRATIVE PROCEDURES

7.

On or about January 22, 2019, Plaintiff Dorne timely filed a charge of discrimination against Defendant LHC Group with the Equal Employment Opportunity Commission (EEOC).

8.

Plaintiff's Counsel requested that the EEOC issue the Notice of Right to Sue Letter related to the Charge of Discrimination [461-2019-00689] on May 15, 2019.[1]

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

---

[1] Plaintiff's Counsel has requested the RTS on May 15, 2019. Plaintiff's Counsel has not yet received the RTS Letter. See attached email issued to EEOC detailing the Plaintiff's request (Ex. 1).

## FACTUAL ALLEGATIONS

10.

Defendant LHC Group is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII and has employed more than the requisite number of persons for the requisite duration under Title VII.

11.

Defendant LHC Group is a post-acute care partner for hospital, physicians and families nationwide providing home health and hospice care to long-term acute care and community-based services for more than 60 leading hospitals and health systems around the county.

12.

Plaintiff Delli Dorne was hired by Defendant LHC Group on or about April 1, 2014, as a Director of Nursing. Dorne supervised thirty-five to forty employees over two locations, Columbus and LaGrange, Georgia.

13.

Tuesday, August 23, 2016, Ms. Dorne emails Ms. Brecken Anderson to advise her she is short on staff and she is pulling nurses from other facilities but still is short for the coverage needed.

14.

Friday, August 26, 2016, Ms. Dorne emails Ms. Anderson regarding staffing shortage for the upcoming week. Dorne states she will work over the weekend, so the workflow does not fall too far behind (again).

15.

Wednesday, September 7, 2016, Ms. Dorne issues an email to Ms. Anderson regarding staffing concern and quality of care issues.

16.

Monday, October 31, 2016, Ms. Dorne emailed Ms. Anderson and Ms. LeBoeuf related to staffing issues and two additional full time RNs had quit.

17.

Thursday, November 10, 2016, Ms. Dorne emails Ms. Anderson and Ms. LeBeouf to advise her Team Leader has resigned due to burnout with the work flow level and lack of staff.  Dorne states in her email that it is impossible to keep an agency functioning without staff in the field and office; and expresses she really needs help asap.

18.

Friday, December 2, 2016, Ms. LeBeouf emails Ms. Anderson to advise the only full time RN in the Columbus location has contacted Ms. Dorne and resigned immediately and there were no full time Field RNs on staff at that time.

19.

Monday, February 13, 2017, Ms. Dorne's Team Leader resigned due to family needs at home.

20.

On Friday, February 17, 2017, Ms. Dorne emails Ms. Nuckols, Kerrigan LeBoeuf related to compliance issues and staff write ups required due to quality issues with her current staff. Dorne expresses her concerns of the upcoming State Board visit, preparations and her lack of staffing for over a year.

21.

On or about August 1, 2017, Ms. Dorne told her Supervisor, Kerrigan LeBoeuf, that she was planning to go back to school.

22.

With Ms. Dorne's notification to Ms. LeBoeuf that she was returning to school, Dorne requested to take two half days a week off but agreed to work weekends to make up the difference in coverage.

23.

Ms. Dorne was aware that the Defendant had provided accommodations to attend school to Brecken Anderson in approximately 2015/2016. Ms. Breckon completed her master's in nursing from the University of Mississippi Medical Center. During Ms. Breckon's clinicals of 525 hours, the Defendant found someone to preceptor Breckon her during work hours in order for her to complete the program. Ms. Breckon's race is Caucasian.

24.

On October 9, 2017, Ms. Dorne issues an email to Ms. Nuckols regarding the lack of staffing, lack of applicants and the lack of support she has causing her overwhelming stress.

25.

On October 9, 2017, Ms. Nuckols tells Ms. Dorne via email that "We will come up with a plan to help you and the entire team".

26.

On October 12, 2017, Ms. Nuckols emails Ms. Dorne to thank her for spending hours with her to work through the ideas for the immediate future of the agency. Nuckols tells Dorne that she is a jewel and has handled much more than the norm, cannot thank her enough for hanging in there through the good and bad.

7

27.

On or about January 29, 2018, Ms. Dorne was taking half days of work and attending school. Ms. LeBoeuf was removed as Dorne's immediate supervisor.

28.

Ms. LeBoeuf was replaced by Jennifer Nuckols, Regional Operations Director as Ms. Dorne's immediate supervisor.

29.

Ms. Nuckols said they let another Rockstar nurse go back to school and work at the same time and she got burned out, and the agency struggled. Ms. Dorne asked that Ms. Nuckols reconsider and move forward with the plan [as it was].

30.

On or about February 13, 2018, Ms. Nuckols informed Ms. Dorne that she was no longer allowed to work half days to accommodate her schooling. Ms. Nuckols told Ms. Dorne that she could step down into a field role or stop attending school.

31.

Ms. Dorne let the Defendant know she needed to consider the options, as she had already paid for her schooling.

32.

On or about March 16-March 22, 2018, Ms. Dorne took one-week Paid Time Off of work in order to complete a large portion of her school work.

33.

On March 23, 2018, Ms. Dorne returned to her scheduled work shift.

34.

On March 23, 2018, Ms. Dorne was terminated by Stacie Thompson, Human Resource Specialist,  for "Involuntary Behavior – Violation of company policy" or taking Paid Time Off the previous week.

35.

Ms. Dorne worked continuously for Defendant LHC Group until her termination on approximately March 23, 2018.

36.

Plaintiff Dorne was terminated because of her race and in retaliation for her attending school.

37.

Others outside of Plaintiff's protected class were treated differently.

38.

Although Defendant LHC Group purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

## CLAIMS FOR RELIEF

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.

Plaintiff Dorne incorporates the preceding paragraphs as if set forth fully herein.

40.

Defendant's actions in subjecting Plaintiff Dorne to different terms and conditions of employment constitutes unlawful discrimination on the basis of her Race and in Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

41.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against  was undertaken in bad faith.

10

42.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected Plaintiff's status as an employee because of her Race.

43.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1991

44.

Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

45.

Defendant  discriminated against Plaintiff in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

46.

Plaintiff thus files her complaint for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

11

## COUNT III : VIOLATION OF 42 U.S.C. § 1981

47.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

48.

Defendant LHC Group's actions in subjecting Plaintiff Dorne to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

49.

The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely effected Plaintiff's status as an employee, because of her race.

50.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well-being.

51.

As a direct and proximate result of Defendant LHC Group's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

12

52.

Defendant LHC Group has willfully and wantonly disregarded Plaintiff rights, and Defendant LHC Group's discrimination against Plaintiff was undertaken in bad faith.

## COUNT IV: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

53.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

54.

Defendant LHC Group subjected Plaintiff to adverse employment actions when Plaintiff engaged in protected conduct.

55.

There was a causal connection between the protected conduct and the adverse action.

56.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

57.

Defendant LHC Group, therefore, is liable for the damages caused proximately resulting from its retaliation.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)        General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)        Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)        All other relief to which he may be entitled.

14

Respectfully submitted the 15th day of May, 2019.

**BARRETT & FARAHANY**
s/Calvin Blackburn
Calvin Blackburn
Georgia Bar No. 196674
*Attorney for Plaintiff Dorne*

1100 Peachtree St., N.E., Suite 500
Atlanta, GA 30309
404-214-0120 T
404-214-0125 F
calvin@justiceatwork.com